Schaab *v.* Schaab.

*For reversal*—The Chief-Justice, Dixon, Garrison, Fort, Pitney, Swayze, Vredenburgh, Vroom, Green—9.

*For affirmance*—Hendrickson, Bogert—2

---

Leonhard Schaab, petitioner,

*v.*

Emma Schaab, respondent.

[Submitted November Term, 1903.   Filed May 13th, 1904.]

1. A husband or wife is not *compellable*, in any action or proceeding for divorce on the ground of adultery, to testify for the other, except to prove the fact of marriage.

2. Under section 5 of the act concerning evidence (Revision of 1900), the right of either to give evidence for the other, in actions for divorce on the ground of adultery, exists.   The proviso in said section in nowise limits the *competency* of either to testify in such action for or against the other.

3. Under the testimony in this case, the adultery is proven.

Schaab *v.* Schaab.

On appeal from a decree of the court of chancery refusing a divorce and dismissing the petitioner's petition.

*Messrs. Weller & Lichtenstein,* for the appellant.

The opinion of the court was delivered by

Fort, J.

The petition in this case was filed for a divorce for the cause of adultery.

The petitioner alleges that the defendant was guilty of adultery in 1900 and 1901 with one J. L., and at a later period in 1901 with a person unknown.

The proof of the first charge of adultery was conclusive, but there was clear evidence of the condonation of the first offence by the petitioner. The fact of the adultery on the second occasion, viz., December, 1901, we think is also established by the evidence.

Two classes of proof were offered as to the second offence:

*First.* Evidence of the defendant herself—she being called by the petitioner to testify for him.

*Second.* Evidence given by detectives, employed by the petitioner, as to compromising circumstances, from which guilt would necessarily be inferred where no explanation was made or attempted.

The testimony of the detectives was that they followed the defendant and a man, unknown at the time but shown by the evidence to have been one H., to the Grandview Hotel, in Bergen county, and there saw the defendant and H. upstairs in a bedroom in the hotel, partly disrobed, in which room they remained together drinking for upwards of two hours. The defendant, when called as a witness, was informed by the master that she was not compelled to testify. She declined to answer certain questions, which went to directly establish her guilt, but answered others. She neither denied her guilt nor asked leave to do so when under examination.

It is contended that the defendant was not only not compelled to testify, but that she was not a competent witness. This necessitates the consideration of sections 2 and 5 of the act concerning evidence. *Rev. of 1900; P. L. of 1900 p. 362.*

Said sections read as follows:

"2. In all civil actions in any court of record, the parties thereto shall be admitted to be sworn and give evidence therein, when called as witnesses by the adverse party in such action; and when any party is called as a witness by the opposite party, he shall be subject to the same rules as to examination and cross-examination as other witnesses; *provided*, no party to a suit shall be compelled to be sworn or give evidence in any action brought to recover a penalty or to enforce a forfeiture; *and provided, also*, this section shall not apply to suits for divorce.

"5. In any trial or inquiry in any suit, action or proceeding in any court, or before any person or committee having by law or consent of parties authorized to swear witnesses or hear evidence, the husband or wife of any person interested therein, as a party or otherwise, shall be competent and compellable to give evidence the same as other witnesses, on behalf of any party to such suit, action or proceeding; *provided*, that nothing herein shall render any husband or wife compellable or competent to give evidence for or against the other in any action for criminal conversation, except to prove the fact of marriage, or to render any husband or wife competent or compellable to give evidence against the other in any criminal action or proceeding except to prove the fact of marriage, and except as now otherwise provided by statute, or compellable in any action or proceeding for divorce on account of adultery to give evidence for the other, except to prove the fact of marriage, nor shall any husband or wife be compellable to disclose any confidential communication made by one to the other during the marriage."

It will be noticed that section 2 only applies to a party to an action when such party is called as a witness *"by the adverse party."*

This section, however, does not apply to a proceeding for divorce, for by the express terms of the proviso, at the end of it, it is enacted, "and provided, also, this *section* shall not apply to suits for divorce."

This language is too plain for construction, and hence, if there were no other statute authorizing the calling of a wife as a witness for her husband, or *vice versa,* in a divorce suit for the cause of adultery, the common law rule would apply and she would be neither competent nor compellable to testify therein.

Section 2 therefore gives no authority for calling the defendant as a witness in this case. Nor does it in anywise apply to this case.

Section 5, however, covers the whole subject and relates exclusively to the testimony of a husband or wife.

The first clause of this section makes a husband or wife both competent and compellable to give evidence, the same as other witnesses, "in any trial or inquiry in any suit, action or proceeding, in any court * * * on behalf of any party to such suit, action or proceeding." But for the proviso in this section, the clause just quoted would make a husband and wife both competent *and* compellable to testify in any civil or criminal action or proceeding *for or against* the other, at the call of any party thereto, on any question at issue therein, and it does undoubtedly do so, save in the respects limited by the proviso therein.

The terms of this proviso appear to have been drawn with great care, as applicable to each particular case excepted therein.

By the first limitation in the proviso a husband or wife is not *competent or compellable* to give evidence *for or against* the other in an action for criminal conversation except to prove the fact of marriage.

By the second limitation a husband or wife is likewise not competent or compellable to give evidence *against* the other in any criminal action or proceeding except to prove the fact of marriage, and except as now otherwise provided by statute. This last exception relates to section 57 of the Criminal Procedure act. *Rev. of 1898; P. L. of 1898 p. 886.*

By the third limitation a husband or wife is not *compellable* in any action or proceeding for divorce on account of adultery to give evidence for the other in any such action or proceeding, except to prove the fact of marriage. This clause is not a limitation on the *right* of either party in any such action or proceeding to testify. It in no way affects the competency of either as a witness for or against the other. It simply prevents compulsion.

By the fourth limitation a husband or wife is not *compellable*

Schaab *v.* Schaab.

to disclose any confidential communication made by the one to the other during marriage.

The evidence of the defendant in this case, as given, was competent. Her testimony appears, so far as she did testify, to have been voluntary. While under the statute she was not compellable to testify, she was a competent witness for the cause of the petitioner when called by him. Her testimony, as to the facts and circumstances concerning which she did testify, was entirely corroborative of the testimony of the detectives. The proof establishes her guilt of adultery.

It was in proof in this case that the first acts of adultery with J. L., in 1900 and the early part of 1901, were condoned by the petitioner. Condonation, of course, makes it impossible for the procurement of a divorce for the offence which the petitioner had pardoned. But the proof of the fact of the subsequent act of adultery would furnish ground to deprive her of the benefit of the previous condonation as well as furnish an independent ground of divorce. *Warner* v. *Warner, 4 Stew. Eq. 225; Durant* v. *Durant, 1 Hagg. Ec. 733; Johnson* v. *Johnson, 1 Edw. Ch. 439; Hoffmire* v. *Hoffmire, 3 Edw. Ch. 173.*

The decree is reversed and the petitioner is entitled to the divorce prayed for.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, BOGERT, VREDENBURGH—8.

*For affirmance*—SWAYZE, VROOM, GREEN, GRAY—4.