STATE OF NEW JERSEY AND JAMES MCLELLAN SMITH, CHIEF, NEW JERSEY BUREAU OF SECURITIES, PLAINTIFFS-APPELLANTS, v. KOBRIN SECURITIES, INC., ET AL., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 19, 1987—Decided November 19, 1987.

Before Judges PETRELLA, DREIER and ASHBEY.

*Nancy Costello Miller*, Deputy Attorney General, argued the cause for appellants (*W. Cary Edwards*, Attorney General of New Jersey, attorney; *Andrea Silkowitz*, Deputy Attorney General, of counsel; *Nancy Costello Miller*, on the brief).

*Steven S. Radin* argued the cause for respondent Barrett R. Kobrin (*Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein*, attorneys; *Steven S. Radin*, of counsel; *Trent S. Dickey*, on the brief).

*Thomas J. Spies* argued the cause for respondent *Armand DeAngelis* (*Walder, Sondak, Berkeley & Brogan*, attorneys; *Thomas J. Spies*, on the brief).

*Audrey M. Weinstein* argued the cause for respondent Arden Brown (*Fischer, Kagan, Zaretsky & Scarinci*, attorneys;

*Philip I. Kagan,* of counsel; *Audrey M. Weinstein,* on the brief).

*Mark H. Sobel* argued the cause for respondent Richard Kobrin (*Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein,* attorneys *Mark H. Sobel,* of counsel and on the brief).

*Orloff, Lowenbach, Stifelman & Siegel,* filed a letter brief on behalf of respondent Warren Sandy (*Stuart Gold,* on the letter brief).

Respondents Robert Fitzsimmons', Peter Calcutta's and Leonard Berman's briefs were suppressed.

The opinion of the court was delivered by

ASHBEY, J.A.D.

On July 2, 1985, the State of New Jersey and James McLelland Smith, Chief of the Bureau of Securities, brought an action seeking, *inter alia,* injunctive relief and the appointment of a receiver pursuant to the New Jersey Uniform Securities Law, *N.J.S.A.* 49:3–47 *et seq.,* against defendants Kobrin Securities, Inc. (KSI) and the following individual defendants: Barrett R. Kobrin (B. Kobrin), president, director and chief executive officer of KSI; Richard L. Kobrin (R. Kobrin), secretary and agent of KSI; Warren Sandy, chief financial officer and compliance officer of KSI; Armand DeAngelis, agent and vice president of KSI; Robert R. Fitzsimmons, agent and trader of KSI; Lawrence Repace, agent of KSI; Arden Brown, vice president, secretary and shareholder of KSI from August of 1981 to March of 1984; Leonard Berman, compliance officer and a financial principle of KSI from January of 1983 to March of 1984; and Peter Calcutta, agent and trader of KSI.

On August 1, 1985, Judge Skillman preliminarily enjoined KSI, B. Kobrin, and DeAngelis from engaging in the securities business in this State. Plaintiffs' application for a preliminary injunction against defendants Sandy, R. Kobrin, Fitzsimmons, Repace, Brown, Berman and Calcutta was denied. Because of the appointment of a trustee in bankruptcy (*In the Matter of*

*Kobrin Securities, Inc.,* Case No. 85–03889 (D.N.J.)), plaintiffs' application seeking the appointment of a receiver for KSI was also denied. In addition, plaintiffs' application to freeze the assets of B. Kobrin and DeAngelis was denied. On September 10, 1985, Judge Skillman reconsidered and ordered the freezing of DeAngelis' assets and authorized the taking of his deposition.[1] On October 30, 1985, DeAngelis asserted his privilege against self-incrimination at his deposition in response to questions concerning his assets. The State moved to compel DeAngelis to provide answers, claiming that he had waived his privilege. On March 14, 1986, Judge Bachman ruled that DeAngelis had waived his Fifth Amendment privilege. In a published opinion, we held that DeAngelis' duty to answer deposition questions should be measured by the extent of his prior voluntary disclosures. *State v. Kobrin Securities, Inc.,* 213 *N.J.Super.* 161 (App.Div.1986).

On April 16, 1987 a State Grand Jury returned indictments against DeAngelis, B. Kobrin and KSI, asserting twenty-one counts, varying as to each defendant, concerning the unlawful offer, sale or purchase of securities and the misapplication of entrusted property.

Following a case conference, Judge Bachman ordered the within civil proceeding placed on the inactive list as to DeAngelis and B. Kobrin on the grounds that the only way defendants could defend themselves in the civil action would be by waiving their Fifth Amendment privilege.[2] Cross motions were filed and on June 19, 1987, the judge ruled that the case was stayed as to all defendants but that the State had leave to move "setting forth how they intend to proceed with this matter as to each defendant." On leave granted, the State appeals from the ensuing June 30, 1987 order and we affirm.

---

[1] Leave to appeal to the Appellate Division was denied and on October 9, 1985 the Supreme Court also denied a motion for a stay pending appeal.

[2] The court also noted that any delays in the case were the fault of the State.

The State contends that the trial court abused its discretion, asserting that defendants have no constitutional right to a stay of the civil action pending a related criminal action, and, that the stay frustrates the purpose of *N.J.S.A.* 49:3–47 *et seq.* (the Uniform Securities Law). In particular, the State asserts prejudice to the public because (1) the memories of witnesses will fade; (2) money the defendants allegedly fraudulently obtained will be dissipated; (3) defendants not currently enjoined from engaging in the securities business in New Jersey continue to so engage; and (4) resolution of the pending criminal proceedings will have little effect on the defendants' assertion of their Fifth Amendment rights.

Defendants B. Kobrin and DeAngelis counter by claiming that (1) to proceed in one forum at a time is most efficient; (2) under the trial court's order, the State may move to sever the case and proceed against certain defendants individually; (3) any delay was caused by the State;[3] and finally (4) an appeals court should be deferential to the trial court's discretion.

Other defendants assert that discovery vital to the defense of each is hampered by the lack of available testimony from B. Kobrin and DeAngelis and that each defense depends on defendant's ability to establish that defendant is secondarily liable, if at all, for the acts of co-defendants, particularly B. Kobrin and DeAngelis. Moreover, a trial without these two defendants increases the probability that other defendants will be burdened with adverse judgments that should properly be borne by B. Kobrin and DeAngelis. Defendant Brown further urges that B. Kobrin and DeAngelis are indispensable parties to the litigation.

---

[3]B. Kobrin claims that he has not yet been informed of the amount of the investors' losses. The State, however, claims that this amount was provided in the individual certifications of the investors (these certifications are not in the record).

■ We first address the claim that the State may not constitutionally proceed in the face of a Fifth Amendment claim and note that it has no merit. *See United States v. Kordel,* 397 *U.S.* 1, 90 *S.Ct.* 763, 25 *L.Ed.*2d 1 (1970). Civil and criminal laws frequently overlap. *S.E.C. v. Dresser Indus.,* 628 *F.*2d 1368, 1374 (D.C.Cir.1980), *cert.* den. 449 *U.S.* 993, 101 *S.Ct.* 529, 66 *L.Ed.*2d 289 (1980). While a defendant may assert the privilege in civil proceedings, *Maness v. Meyers,* 419 *U.S.* 449, 464, 95 *S.Ct.* 584, 594, 42 *L.Ed.*2d 574, 587 (1975); *Mahne v. Mahne,* 66 *N.J.* 53 (1974), the trier of fact is free to treat silence as evidence. *Baxter v. Palmigiano,* 425 *U.S.* 308, 318, 96 *S.Ct.* 1551, 1558, 47 *L.Ed.*2d 810, 821 (1976). Nor is it a violation of Due Process to require a defendant to make the choice to testify, even though giving testimony at a civil proceeding may help criminal prosecutors, as opposed to invoking his Fifth Amendment rights and suffering any adverse civil consequences which flow therefrom. *See Arthurs v. Stern,* 560 *F.*2d 477, 479 (1st Cir.1977), *cert.* den. 434 *U.S.* 1034, 98 *S.Ct.* 768, 54 *L.Ed.*2d 782 (1978).

The decision whether or not to stay proceedings is thus not required but rests in the sound discretion of the court. *United States v. Kordel, supra,* 397 *U.S.* 1, 90 *S.Ct.* 763, 25 *L.Ed.*2d 1; *Landis v. North American Co.,* 299 *U.S.* 248, 57 *S.Ct.* 165, 81 *L.Ed.* 153 (1936).

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. [*Landis, supra,* 299 *U.S.* at 254–255, 57 *S.Ct.* at 165–166, 81 *L.Ed.* at 158].

The question is "whether the trial judge pursued a manifestly unjust course." *Gittleman v. Central Jersey Bank and Trust Co.,* 103 *N.J.Super.* 175, 179 (App.Div.1968), rev'd on other grounds 52 *N.J.* 503 (1968).

■ Our careful review of the record, in the light of applicable law satisfies us that the Chancery Division did not abuse its

discretion. The Chancery Division's oral ruling limited the stay to completion of the trial phase of the indictment now pending. The State was given leave to apply to the court for modification, setting forth how it intended to proceed as to each defendant. We discern no reason that the State should not comply with that order. Much of the discovery it seeks, no doubt, will implicate no violation of the rights of defendants. *See Matter of Grand Jury Proceedings of Guarino*, 104 *N.J.* 218 (1986).

Defendants also seek discovery. All of the defendants are not similarly situated. Some may be unfairly hampered by the lack of discovery while others are not. Given the need for the exercise of the court's individual discretion respecting each defendant, the State is not unreasonably required to be precise in what it seeks to learn and from whom. If the State is prepared to try its case without implicating the rights of a particular defendant, it should so state with specificity so that the exercise of the court's discretion may be properly informed. *Landis v. North American Co., supra*, 299 *U.S.* at 254–255, 57 *S.Ct.* at 165–166, 81 *L.Ed.* at 158.

Affirmed.