585 A.2d 425

ADRIANNE LERMAN, PLAINTIFF, v. DAVID S. LERMAN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Bergen County

Decided June 13, 1990.

*Edward J. O'Donnell* for plaintiff (*Skoloff & Wolffe,* attorneys).

*Herman J. Ziegler* for defendant (*Greenberg & Margolis,* attorneys).

KRAFTE, J.S.C.

Under what circumstances may an adverse party in a matrimonial action be called as a witness and to what extent shall that testimony be binding? This court holds not only that an adverse party may be called as a witness, but that such witness shall be deemed "hostile *per se,*" thus triggering all concomitant means of examination permissible under the law.

In lay terms, "hostile" is "of or pertaining to an enemy; antagonistic." *The American Heritage Dictionary* 624 (2 Coll. ed. 1985). A witness is hostile or adverse when there is a manifestation of "so much hostility or prejudice under examina-

tion in chief that the party who has called him or his representative, is allowed to cross-examine him, *i.e.*, to treat him as though he had been called by the opposite party." *Black's Law Dictionary* 665 (5 ed. 1979). This court takes judicial notice of the fact that, if litigants in a matrimonial action are at a point whereby the only means of reaching a final judgment is in having a judge determine the issues, there is no doubt the parties are antagonistic. There is no need to wait and see if the adverse party is an uncooperative witness when called. Rather, it would better serve judicial economy to declare the witness hostile at the commencement of the questioning and proceed accordingly. The present state of matrimonial law in New Jersey calls for the parties to disclose complete and considerable information regarding income and assets in order to either arrive at an equitable property settlement agreement which eventually becomes part of the judgment of divorce, or to place each party into a position where they have full knowledge of the other's financial posture for trial purposes. It is frequently the case that the proof behind such disclosures are clandestine, or at least covert, and not easily evoked, even through discovery. This may be especially true when a party's financial situation is entirely self-contained, that is, when the party is self-employed or involved in a family-owned or close corporation in which the purse strings can be readily controlled and even manipulated. When a trial court is faced with these circumstances, the only viable means to procure certain information may be through actual testimony of the parties under oath. As New Jersey presently has no statute specifically precluding the calling of an adverse party as a witness in a divorce action, this court finds no reason to disallow it.

The complaint for divorce was filed on May 24, 1987, and the matter was finally reached for trial on May 31, 1990. In the interim, while plaintiff had been represented by four different attorneys, considerable discovery took place, including examination of the books and records of defendant's business by plaintiff's retained accountant. Also, several trial dates were

adjourned during this period, giving the parties ample time to procure all available financial information. The parties' financial matters were extremely complicated and the documents admitted into evidence did not fully reflect the disposition of marital assets during the pendency of the litigation especially with reference to the proceeds of the sale of real property. Additionally, the tax returns submitted in evidence did not clearly depict the parties' true income. In order for plaintiff to present the necessary evidence to the court for purposes of equitable distribution and support, defendant was called as a witness for the purpose of obtaining further definitive information concerning assets. The court declared him to be a hostile witness and stated that the rules regarding direct examination would be dispensed with and that the witness could be cross-examined. When defendant's attorney objected to the procedure and insisted that his testimony be binding as to plaintiff, this court overruled the objection and found that plaintiff's attorney could question the witness in any manner he wished and only defendant was to be bound, stating that there can be no more hostile a witness than the adverse party in a divorce action. Such a situation presents a classic exception to the rules governing testimonial evidence.

It has been generally held that in the absence of a statute or rule of procedure providing otherwise, the calling of an adverse party as a witness binds the calling party as to the credibility and conclusiveness of the testimony unless same is contradicted. 32A *C.J.S., Evidence*, § 1040(2). In the past, New Jersey courts also followed this premise. *Krafte v. Belfus*, 114 *N.J.Eq.* 207, 168 *A.* 755 (Ch.1933). Many jurisdictions have adopted statutes or rules which serve to modify or abrogate the harshness of the obvious result when, in a case such as this hotly contested matrimonial action, the information solicited is known solely by the other spouse. See *Conn.Gen.Stat.Ann.* § 52–178 (West 1960) (amended 1982) (Adverse parties may be compelled to testify); *Fla.Stat.Ann.* §§ 90.608(2) (Who may impeach); 42 *Pa.Cons.Stat.Ann.* § 5935 (Purdon 1978) (Exami-

nation of person adversely interested); *R.I.Gen.Laws* § 9–17–14 (1985 Reenactment) (Adverse party as witness). The Appellate Division has held that while many cases have stood for the proposition that a party is bound by testimony of the witness called, "such a rule, so broadly stated, ill serves the cause of justice." *Becker v. Eisenstodt*, 60 *N.J.Super.* 240, 248, 158 *A.*2d 706 (App.Div.1960). As in that medical malpractice suit where defendant had special knowledge of the circumstances under which plaintiff was injured, so too this defendant was privy to information which could best be elicited through testimony given under oath and with great leeway afforded the scope of such examination.

The *Federal Rules of Evidence* state that when "a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." *Fed.R.Evid.* 611(c). This rule is an exception to the traditional proposition that leading questions are improper. The rule also deals with categories of witnesses to be automatically regarded and treated as hostile. See *Fed.R.Evid.* 611(c) advisory committee's note. It is clear that a party to a divorce action would be considered a hostile witness under the federal rules. However, New Jersey has not adopted this federal rule as its own. New Jersey law states that "[e]xcept as otherwise provided by law, when any party is called as a witness by the adverse party he shall be subject to the same rules as to examination and cross-examination as other witnesses." *N.J.S.A.* 2A:81–11. Thus, based only on a reading of the statute, an adverse party called as a witness by the other side cannot be asked leading questions. Yet case law has recently given broader discretion to the court and has brought New Jersey closer to the more liberal federal rules. See *Application of Howard Savings Bank, Newark, Essex County*, 143 *N.J.Super.* 1, 362 *A.*2d 592 (App.Div.1976); *State v. Rajnai*, 132 *N.J.Super.* 530, 334 *A.*2d 364 (App.Div.1975).

Attention is called to *N.J.S.A.* 2A:81–6, which states that parties in all civil actions "shall be sworn and shall give

evidence therein when called by the adverse party.... This section shall not apply to actions in divorce." *N.J.S.A.* 2A:81-5, *L.*1900, *c.* 150, § 5, since repealed, referred to the testimony of a party "in any action or proceeding for divorce on account of adultery to give evidence for the other, except to prove the fact of marriage...." The Court of Errors and Appeals interpreted that repealed section of the statute when a wife was called to corroborate evidence of her adultery, and held that while a husband or wife was not a compellable witness, neither was the spouse in anyway incompetent to testify. *Schaab v. Schaab,* 66 *N.J.Eq.* 334, 57 *A.* 1090 (E. & A.1903). As the Legislature has not passed a new law which would guide courts with greater specificity when a party is called as a witness in a matrimonial action, and *N.J.S.A.* 2A:81-6, based on its historical application, is clearly not meant to eliminate the possibility of such testimony, this court must apply its own standards in order to attain a justifiable end commensurate with the fluid nature of the law, in general, and the growing complexity of divorce law, in particular. Thus, in order for plaintiff to glean as much necessary factual information regarding defendant's income and marital assets so that an equitable decision can be reached, defendant here may be called to testify as he would in any other civil litigation and the procedures which would restrict plaintiff to direct examination and bind her by his testimony "must yield to reason and common sense." *Becker v. Eisenstodt, supra,* 60 *N.J.Super.* at 249, 158 *A.2d* 706. *See also Hickman v. Pace,* 82 *N.J.Super.* 483, 198 *A.2d* 123 (App.Div. 1964). Therefore, plaintiff need not vouch for defendant's truthfulness, but may leave same to the judgment of the court based upon the answers given to *all* questions asked.

■ This is not to say that when an adverse party is called to the stand that party may not claim any of those privileges afforded to all witnesses under the New Jersey rules of evidence. *Evid.R.* 23-38. Had defendant refused to testify as to certain facts which would directly, inferentially or indirectly

incriminate him, such claim of privilege would certainly stand even though this is a civil rather than a criminal matter. *Evid.R.* 24, Comment 2; *State v. Kobrin Securities, Inc.,* 221 *N.J.Super.* 169, 534 *A.*2d 55 (App.Div.1987). Since no such privilege was claimed and none other is apparently applicable herein, defendant's testimony shall be deemed fully competent.

 Thus, it is well within the discretion of this court to permit the procedure where a party to a divorce action may be called by the opposition. Generally, a witness may not ordinarily be labeled as "hostile" merely because he is adverse when he has not been uncooperative nor testified in an unexpected manner. *State v. Dwyer,* 229 *N.J.Super.* 531, 552 *A.*2d 200 (App.Div.1989). However, divorce actions do not reach trial *unless and, in fact,* no agreement can be attained without the intervention of the court. The parties are as "adversarial" and as "hostile" as the non-legal definitions of those terms would import. The litigants clearly would not testify for the other on a purely voluntary basis. Under such circumstances, in a divorce action a court may declare the adverse party witness "hostile *per se* " and may grant the other party the "broad latitude" to examine the witness through the use of cross examination, and, as such, will not be bound by such testimony.