TAX COURT OF NEW JERSEY



**VITO L. BIANCO**
JUDGE

77 Headquarters Plaza
1st Floor, North Tower
Morristown, NJ 07960-3964
(609) 815-2922 Ext. 54850
Fax (973) 631-6396

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**April 17, 2019**

Via eCourts and Regular Mail:

Joseph H. Orlando, Appellate Division Clerk
Appellate Division Clerk's Office
Richard J. Hughes Justice Complex
25 West Market Street, P.O. Box 006
Trenton, NJ 08625-0006

Walter M. Luers, Esq.
Law Offices of Walter M. Luers, LLC
122 West Main Street, Suite 2
Clinton, NJ 08809
Attorney for the Plaintiff

Matthew R. Petracca, Esq.
King & Petracca, LLP
51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
Attorney for the Plaintiff

Tara Ann St. Angelo, Esq.
Gebhardt & Kiefer, P.C.
1318 Route 31
P.O. Box 4001
Clinton, NJ 08809
Attorney for the Defendant, Michael & Penny Holenstein

William E. Hinkes, Esq.
Hollander, Strelzik, Pasculli, Hinkes, Wojcik, Gacquin, Vandenberg & Hontz, L.L.C.
40 Park Place
P.O. Box 99
Newton, NJ 07860
Attorney for the Defendant, Township of Fredon

John R. Lloyd, Esq.
Chiesa Shahinian & Giantomasi, P.C.
One Boland Drive
West Orange, NJ 07052
Attorney for the Amicus Curiae

Re:     Jesse Wolosky v. Township of Fredon and Michael & Penny Holenstein
        Appellate Docket No.: AM-000402-2018
        Tax Court Docket No.: 008267-2016

Dear Mr. Orlando and counsel:

This letter is issued pursuant to R. 2:5-6(c) to amplify the court's bench decision on December 9, 2016 and accompanying Order of March 18th, 2019, concluding that the motions for sanctions and fees filed by the defendants, Township of Fredon ("Township") and Michael & Penny Holenstein ("Holensteins"), are deemed to have been timely filed. The Township and Holensteins moved for sanctions and fees against the plaintiff, Jesse Wolosky ("Mr. Wolosky"), under R. 1:4-8(b). In opposition, Mr. Wolosky also moved for sanctions and fees against the Township and Holensteins under R. 1:4-8(b). The issue in the present matter is whether the Township and the Holensteins' motions are deemed to be timely filed and may lawfully be heard by the court. For the reasons set forth herein, the court finds that the motions for sanctions and fees brought by the Township and the Holensteins' are timely filed.

The factual history of this case is as follows: On May 12, 2016, Mr. Wolosky filed an appeal with the Tax Court seeking to increase the assessment on a residential property owned by Holensteins ("Subject Property") pursuant to N.J.S.A. 54:3-21(a)(1). On July 6, 2016, the Township and the Holensteins filed a motion to dismiss the matter as a frivolous suit, award legal fees; or in alternative, grant a protective order limiting discovery. On September 2, 2016, the court denied the motions of the Township and the Holensteins finding that the relief sought was a post-trial remedy. In the alternative, the court granted a protective order limiting discovery.

2

On December 9, 2016, a trial was held to determine Mr. Wolosky challenge to the assessment on the Holensteins' residential property. After the close of Mr. Wolosky's evidence, the Holensteins and the Township moved to dismiss based upon a lack of evidence under R. 4:37-2(b). The court granted such motion. During the trial, the court determined to stay the proceeding for a motion to impose frivolous litigation sanctions on Mr. Wolosky until either Mr. Wolosky's time period to file an appeal had been exhausted or the Appellate Division rendered a final decision. Thereafter, Mr. Wolosky appealed the tax court's decision and on July 24, 2018, and the Appellate Division upheld the tax court's dismissal of the matter. No further appeal was taken. As a result, on September 19, 2018, the court conducted a case management conference where the court set a deadline of October 19, 2018 for the motion for sanctions and fees to be filed. Motions for sanctions and fees were filed by the Township and the Holensteins within the court's established time-frame. In his response, however, Mr. Wolosky challenged the timeliness of the motion claiming that the court exceeded its authority in extending the time of the filing the motions. On January 25, 2019, the court decided on the bench that the Township and the Holensteins' motions for sanctions were timely filed.

There are two reasons to conclude that the motions of the Township and Holensteins were timely filed. First, the twenty-day time limitation in R. 1:4-8(b)(2) has been tolled, because the court ordered a separate hearing and a stay of proceeding for the issue of sanctions on the bench on December 9, 2016. Second, even if the court's order was a judicial error, the parties should not be barred to bring a claim because of an error committed by the court.

The court clearly ordered a separate hearing and a stay of proceeding during the trial on December 9, 2016. The court stated that:

> This brings back the -- the issues of whether there should be sanctions and other costs assessed to the taxpayer for this. This is not something that can be done today, all right? There are rules that govern it. There would have to be a separate hearing on this issue, and we can, what I would think would be better than to tie everybody up here today, is to set up a conference call, set out a plan for that,

3

and schedule a hearing sometime in the future to determine whether something like sanctions or costs are appropriate in this case. And I urge you on both sides to look at the rules that pertain to frivolous suits, to be sure that we comply with those.

Now, that being said, the plaintiff has the right to appeal my decision, and I don't think any hearing in that regard is appropriate until the plaintiff decides whether to appeal this decision and the Appellate Court decides whether or not they agree or disagree with my decision today.

So, we would have to wait until that point. There is a 45-day time limit from when the judgment is issued which will be issued probably later today on eCourts.

So, we have at least a 45-day period for the plaintiff if he chooses to appeal my decision, he has the right to do so.

And then we have to wait until the Appellate Division takes action, and potentially the Supreme Court. So, we could be quite a ways away from determining whether or not this is an issue that we deal with here.

.

.

.

So, with that said, we are adjourned today.

[Transcript of Motion Hearing at 95-97, Jesse Wolosky v. Township of Fredon and Michael and Penny Holensteins, December 9, 2016 (Petitioner's Appendix 089-90) (emphasis added).]

The court's bench order was appropriate and within the sound discretion of the court. Under R. 4:38-2(a), "[t]he court, for the convenience of the parties or to avoid prejudice, may order a separate trial of any claim, cross-claim, counterclaim, third-party claim, or separate issue, or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." Ibid. Our Appellate Division stated that "the authority to stay a proceeding is [] within the sound discretion of the trial court." Procopio v. Gov't Emp., Ins. Co., 433 N.J. Super. 377, 380 (App. Div. 2013) (citing State v. Kobrin Sec., 221 N.J. Super. 169, 174 (App.Div.1987), rev'd, 111 N.J. 307 (1988)). The United States Supreme Court also stated that:

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

[Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).]

The court ordered a separate hearing to address the issue of sanctions after the final determination by the Appellate Division. In Belfer v. Merling, the Appellate Division held that "[a] claim will be deemed frivolous or groundless when no rational argument can be advanced in its support, when it is not supported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable." Belfer v. Merling, 322 N.J. Super. 124, 144-45 (App. Divi. 1999) (citing Fagas v. Scott, 251 N.J. Super. 169, 189 (Law Div.1991) (citation omitted)) (emphasis added). Clearly it was in the best interest of both parties to postpone the hearing for a motion for sanctions until Mr. Wolosky's claim against the Holensteins became "completely untenable." Id.

Furthermore, "Rule 4:38-2 reposes discretion in a court to order that liability and damages be tried separately when a trial of all issues may be 'complex and confusing,' or the bifurcation may yield a 'substantial saving of time.'" Tobia v. Cooper Hosp. Univ. Med. Ctr., 136 N.J. 335, 345 (1994). It would have been inefficient in terms of time and costs for the court and parties to address the issue of sanctions prior to the Appellate Division's decision. If the Appellate Division saw merit in Mr. Wolosky's claim, it would not be necessary for the court to decide whether his claim is frivolous.

Moreover, R. 1:4-8(f) provides that "the procedures prescribed by this rule [pertaining to frivolous litigation] shall apply" only "to the extent practicable." Ibid.; Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 65 (2007). Therefore, "[d]ismissal of the application on the basis of a procedural deficiency should be conditioned on a consideration of whether it was practicable to

5

comply with R. 1:4-8." Toll Bros., Inc., 190 N.J. at 65. Considering the court's bench decision, it was clearly impractical and unreasonable for the Township and the Holensteins to file a motion for sanctions and fees within twenty days after the issuance of the final judgment. Accordingly, R. 1:4-8(f) disallows this court to dismiss the motion for sanctions and fees on the basis of a procedural deficiency.

In addition, the court's decision did not defeat the purpose of the time limitations for bringing frivolous litigation sanctions. The Supreme Court of New Jersey "fashioned timeframes for bringing frivolous behavior to the attention of the offending party, counsel, or pro se litigant, so that the behavior could be corrected promptly and litigation costs kept to a minimum, thereby preserving judicial, lawyers', and litigants' resources." Toll Bros., Inc., 190 N.J. at 71. In the present matter, because of the court's statement during the trial, both parties were clearly aware that the court reserved the issue of sanctions until Mr. Wolosky's claim against the Holensteins became "completely untenable." Belfer, 322 N.J. Super.at 145. Therefore, the court's decision to allow the Township and Holensteins to file the motion for sanctions did not render any unfair surprise or prejudice to Mr. Wolosky.

Finally, assuming, arguendo, the court did not have an authority to order a separate hearing and a stay of proceeding, the litigants should not be penalized for an error committed by the court. It is clear here that the court directed the timing for the motions to be filed, and the parties complied with that timing. If the court's decision was a judicial error, it must not serve to deprive the rights of any litigant.

R. 2:10-2 provides that a trial error is reversible when the court's erroneous decision was "clearly capable of producing an unjust result." Ibid.; State v. Bowser, 297 N.J. Super. 588, 599 (App. Div. 1997) (citation omitted). In the present matter, if the court's bench decision was an

6

error, it would produce an unjust result if that error bars the Township and the Holensteins from bringing a motion for sanctions and fees.

Accordingly, the Township and the Holensteins' motions for sanctions are deemed to be timely filed.

Very truly yours,

*ss/ Vito L. Bianco, J.T.C.*

Hon. Vito L. Bianco, J.T.C.

TMS:VLB/JRK