59 N.J. Super. 470 (1959)
158 A.2d 66
IN THE MATTER OF THE APPLICATION OF MILLBURN-SHORT HILLS BANK FOR A CHARTER FOR A BANK TO BE LOCATED AT 170 ESSEX STREET, IN THE TOWNSHIP OF MILLBURN, COUNTY OF ESSEX AND STATE OF NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Originally Argued June 8, 1959.
Decided July 7, 1959.
Opinion Filed October 22, 1959.
*472 Before Judges GOLDMANN, FREUND and HANEMAN.
*473 Mr. John E. Toolan for appellant National State Bank (Messrs. Toolan, Haney & Romond, attorneys).
Mr. Jerome C. Eisenberg for respondent Millburn-Short Hills Bank.
Mr. David Landau for respondent Commissioner of Banking and Insurance (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by HANEMAN, J.A.D.
This is an appeal from a decision of the Commissioner of Banking and Insurance, granting a charter to Millburn-Short Hills Bank. After argument, the case was remanded to the Commissioner so that he might amend his decision and order and make such factual findings, determinations and conclusions based on the complete record as he deemed necessary and appropriate. Jurisdiction over the appeal was retained pending the filing of a new or amended decision and order. We now have the Commissioner's further findings, determinations and conclusions and have the further briefs of the parties, all of which we have considered.
Appellant argues in its original and supplemental briefs that (1) there is no substantial evidence before the Commissioner to support his findings of compliance with N.J.S.A. 17:9A-11, subd. D (1), (2), (3), (4) and (5); (2) the Commissioner's decision is arbitrary and capricious because there is no substantial evidence to support his decision and because it is based upon a small segment of the testimony before him and ignores the real issue.
At the outset it is requisite that we iterate certain basic principles which must guide us in our deliberations.
The scope of the appellate review of administrative orders is generally limited to determining whether the factual findings are supported by substantial evidence. Hornauer v. Div. of Alcoholic Beverage Control, 40 N.J. Super. 501, 504 (App. Div. 1956). The appellate court has the power *474 and duty to assay the facts, but only to determine whether the evidence before the administrative body furnished a reasonable basis for its factual conclusions and action. In re West Jersey and Seashore R. Co., 46 N.J. Super. 543 (App. Div. 1957); Roth v. Board of Trustees, etc., 49 N.J. Super. 309 (App. Div. 1958); In re Greenville Bus Co., 17 N.J. 131 (1954). See also, State v. N.J. Bell Tel. Co., 30 N.J. 16 (1959). It is not the function of the appellate tribunal to substitute its independent judgment for that of the administrative body where there may exist a mere difference of opinion concerning the evidential persuasiveness of relevant testimony. In re Application of Hackensack Water Co., 41 N.J. Super. 408 (App. Div. 1956). Where the record discloses substantial evidence to support factual findings of the administrative body, a presumption of reasonableness attaches to its findings. In re Greenville Bus Co., supra; Elizabeth Federal Savings & Loan Ass'n v. Howell, 24 N.J. 488, 508 (1957).
With these directives in mind, it becomes necessary to consider appellant's arguments.

I.
N.J.S.A. 17:9A-11, subd. D (3), (4) and (5) provides:
"(3) that the directors or managers designated in the certificate of incorporation possess capacity and fitness for the duties and responsibilities with which they will be charged;
(4) that no fees, commissions, or other compensation have been paid for the promotion of the bank or savings bank, or for the sale of the stock of the bank, or for obtaining subscriptions for the capital deposits of the savings bank; and
(5) that, in the case of a bank, the entire capital stock has been subscribed for, and that each subscriber has undertaken in writing to pay in cash, upon approval according to law of the certificate of incorporation, his proportionate share of the capital stock, surplus and reserve fund for organization expense, specified in the certificate of incorporation; * * *."
The Commissioner's findings in this connection were based upon biographic sketches of the proposed directors and *475 managers introduced as an exhibit at the hearing, as well as upon affidavits, the certificate of incorporation and affidavit of the subscribers to the capital stock of the proposed bank. There were sufficient facts in these instruments to sustain the Commissioner's findings. The evidence so presented was competent for that purpose.

II.
N.J.S.A. 17:9A-11, subd. D (1) and (2) provide:
"(1) that the interest of the public will be served to advantage by the establishment of the proposed bank or savings bank;
(2) that conditions in the locality in which the proposed bank or savings bank will transact business afford reasonable promise of successful operation; * * *."
Appellant argues that the Commissioner's statement that there were no important substantial factual disputes in regard to those subsections was erroneous. We conceive, however, that the Commissioner's statement was correct. The primary dispute between the parties at the hearing concerned conclusions or opinions of some witnesses and not the basic factual issues.
Appellant further disputes the Commissioner's findings concerning the potential deposits for a new bank. This attack is directed particularly at the reliability of the testimony of Francis R. Steyert, an expert produced by the appellant. It was for the Commissioner to determine the weight to be accorded Steyert's relevant testimony and opinion conclusion. There were sufficient and adequate substantial facts recited and stated by Steyert to substantiate his opinions and to form a reasonable basis for the Commissioner's conclusions concerning prospective and potential deposits and future successful operation of a new bank. The testimony concerned the character of the community and surrounding area, its present population, and a prognostication of future population growth, the wealth and earning capacity of its *476 residents, including their potential buying power, the concentration of business establishments, the location of the proposed new bank building in relation to the municipal shopping center and parking facilities, and its physical availability to future customers.
Appellant also produced experts in order to contradict those of the respondent. It is not our function to substitute our judgment for that of the Commissioner where there exists a difference of opinion, so long as there is substantial persuasive relevant testimony upon which the Commissioner relied. Roth v. Board of Trustees, etc., supra. We find that there was such testimony.
In addition, the appellant criticizes the findings of two market surveys made by the Prudential Insurance Company of the Millburn-Short Hills area, introduced without objection at the trial. It does not dispute the admissibility of these exhibits but rather disputes the conclusion the Commissioner has drawn therefrom. As with Steyert's testimony, the weight to be accorded these surveys was within the Commissioner's province.
Appellant argues that "where a community is adequately served by existing banking facilities, there is a heavy burden upon those seeking to establish `that the interest of the public will be served to advantage' by granting a charter to a new bank." Appellant expressly disavows the position that merely because it is serving the banking needs of the community no new bank should be chartered.
In the light of the testimony adduced, we agree with the Commissioner that the applicants for the new bank charter fully met their burden of establishing not only that the interest of the public will be served to advantage by the establishment of the proposed bank, but also that conditions in the Millburn area afford reasonable promise of successful operation.
The Commissioner, after a detailed review of the testimony, concluded that:
*477 "The evidence clearly establishes Millburn as a dynamic, expanding community both in population and commerce, characterized by higher income residents, and, from the type of business located there, apparently by higher income shoppers. It is a peculiar blend of Westchester with Fifth Avenue. It can support a new local bank and should, in turn, be benefited by it."
Additionally, he found that the proposed bank had excellent prospects of achieving its necessary deposit level. He determined that an independent second bank in a growing community like Millburn, which is the business center for a far greater population, would be in the public interest.
Employing the criteria of judicial review of administrative decisions set out above, we conclude that there was adequate, relevant and substantial evidence furnishing a reasonable basis for the Commissioner's conclusion that the applicant had met the statutory requirements in all respects.
Affirmed.