143 N.J. Super. 1 (1976)
362 A.2d 592
IN THE MATTER OF THE APPLICATION OF THE HOWARD SAVINGS BANK, NEWARK, ESSEX COUNTY, FOR A BRANCH OFFICE TO BE LOCATED AT THE SOUTHWEST CORNER OF HADDON AVENUE AND OGDEN AVENUE, COLLINGSWOOD, CAMDEN COUNTY, NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1976.
Decided June 28, 1976.
*4 Before Judges LYNCH, LARNER and HORN.
Mr. Michael D. Varbalow argued the cause for appellant Fidelity Mutual Savings and Loan Association (Messrs. Jubanyik & Varbalow, attorneys).
Mr. John V. Field argued the cause for appellant South Jersey Savings and Loan Association (Messrs. Field & Field, attorneys).
Mr. Frank J. Miele argued the cause for respondent The Howard Savings Bank (Messrs. Riker, Danzig, Scherer & Debevoise, attorneys; Mr. Thomas C.C. Humick, on the brief).
Mr. Michael E. Goldman, Deputy Attorney General, submitted a Statement in Lieu of Brief on behalf of respondent *5 Richard F. Schaub, Commissioner of Banking (Mr. William F. Hyland, Attorney General, attorney).
PER CURIAM.
This is an appeal challenging a determination of the Commissioner of Banking approving the application of The Howard Savings Bank, Newark, Essex County (Howard), to establish and operate a branch office to be located at the southwest corner of Haddon Avenue and Ogden Avenue, Collingswood, Camden County, New Jersey. The objectors-appellants are Fidelity Mutual Savings and Loan Association and South Jersey Savings and Loan Association, whose standing to oppose the action taken by the Commissioner is not questioned.
Following written objections to the grant of the application, hearings were held before a Department of Banking hearing officer over an interval of four days. The hearing officer filed a report and recommendation that the application be granted. Appellants thereafter filed exceptions to the hearing officer's report and recommendation. Nevertheless, the Commissioner adopted in toto the findings of fact and conclusions of law of the hearing officer favorable to applicant.
The first two contentions of appellants are: (1) the hearing officer's report and recommendation was grounded on unsupported data contained in Application Form M-115, and (2) appellants were denied a full and fair hearing inasmuch as they were not provided the right to cross-examine the authors of the information contained in said form. These two contentions are essentially the same. M-115 is an application form which has been developed by the Department of Banking to facilitate branch-bank applications. These forms provide the Department with pertinent financial information. At the outset of the administrative hearing the application as completed by Howard was marked into evidence without objection as a departmental exhibit. Appellants assert that this form contains much hearsay evidence and that notwithstanding that Howard was told of the objectors' *6 refusal to accept the truth of the contents of the application, it failed to produce as witnesses the persons who supplied the information. These persons consisted of its own officers, employees or independent contractors.
However, at the commencement of the hearing counsel for appellants requested a list of the expert witnesses who would testify for Howard. He was told that only one witness would testify, namely, Allen M. Heaslip. Counsel then indicated he desired to cross-examine the party who prepared certain of the data contained in the application form. The hearing officer ruled that he would not direct Howard to produce these people as its own witnesses. He also ruled that if the objectors wanted to call said persons he would direct that their names be furnished to the objectors.
Subsequently, and after Heaslip was cross-examined in minute detail by the objectors, not only with respect to his testimony but also with respect to the data contained in the documentary submissions of Howard, counsel for the objectors again requested the opportunity to cross-examine the individuals who authored various parts of said form. The objectors declined to call said persons, although their names had been furnished to them. The hearing officer again refused to compel Howard to produce said witnesses for cross-examination. The only other witness called at the hearing was one Ian Liddell, on behalf of the objectors, the Director of Research of Stephen P. Radics & Co., a certified public accounting firm.
N.J.S.A. 52:14B-10 expressly adopts the universally recognized doctrine that in administrative agency hearings the parties shall not be bound by rules of evidence, whether statutory, common-law or adopted by rules of court. See Weston v. State, 60 N.J. 36 (1972); D'Amico v. Blanck, 85 N.J. Super. 297 (App. Div. 1964). Although common-law rules of evidence do not apply strictly to administrative tribunals, the fundamentals of fair and adequate procedure constituting due process must be observed, and cross-examination and rebuttal have been held to be basic elements of an *7 administrative hearing essential to due process. Application of Plainfield-Union Water Co., 11 N.J. 382 (1953).
It plainly appears that the objectors not alone had advance notice of the documentary evidence that applicant was to submit but were, at the hearing, afforded the names of the individuals who prepared the application form. These facts demonstrate that objectors had ample opportunity to test the disclosed evidence for trustworthiness and accuracy, but failed to do so. Their voluntary failure to avail themselves of existing avenues of inquiry cannot serve as a ground for claiming a violation of procedural due process. Moreover, it cannot be said that Howard failed to disclose the requisite support for its application when the parties had been told in advance by the Department not to spend time on direct examination with matters contained in documentary form.
The hearing officer's report and recommendation properly notes that objectors merely wanted to go on a "fishing expedition" in insisting on cross-examining the parties who supplied the information in the application form, without substantively indicating in what respects said application might be deficient or inaccurate. It must be remembered that the objectors are banking institutions with peculiar knowledge of the esoteric data contained in branch-office applications, pro forma statements and economic feasibility studies such as those submitted by Howard. Had there been an inaccuracy or misstatement in these documents, objectors would have been obliged to submit direct evidence to refute or discredit same.
Objectors are operating under a misconception with respect to their right to have compelled Howard to produce witnesses. It is now recognized that broad latitude may be allowed in examining a hostile witness. State v. Rajnai, 132 N.J. Super. 530, 541 (App. Div. 1975). We know of no reason why the objectors should have expected the hearing officer to require Howard to call the persons who supplied the information. Moreover, the objectors pragmatically had *8 no basis for believing that their answers to questions would differ because of the identity of the interrogators.
Weston v. State, supra, relied upon by appellants, enunciates (60 N.J. at 50-51) the oft-cited "residuum rule" of administrative law  that hearsay may be employed to corroborate competent proof or competent proof may be supported or given added probative force by hearsay testimony, but an administrative decision must be based on a residuum of legal and competent evidence, and not hearsay alone. However, that case involved the denial of a firearms purchaser`s identification card, N.J.S.A. 2A:151-33, due solely to reliance on the police chief's recital of reports collected by investigators. Under such circumstances the court held that naked hearsay could not support the administrative (police chief's) determination since it was impossible for the applicant to cross-examine the damaging hearsay testimony. He could thus not have been reasonably expected to overcome such "faceless" opposition, particularly "since the identity of those whose adverse views formed the foundation of the judgment against him was not disclosed." 60 N.J. at 52. The court further stated that:
It is not possible to state a hard and fast rule as to the extent hearsay may be utilized in evaluating the sufficiency of the evidentiary basis of a particular administrative determination. Suffice it to say that much may be left to the discretion of the administrative official who should be aware of the principle which warrants reception of hearsay, as well as the qualification thereon that the decision should not be predicated on hearsay alone. On judicial review, in deciding whether the evidence in its totality sustained the administrative conclusion, naturally the same rule of admissibility would apply. [60 N.J. at 52]
The instant case is clearly not one wherein the opposition was "faceless" and where the identity of those whose adverse views formed the foundation of the adverse judgment was not disclosed. That is, the rationale of the residuum rule  that an administrative agency determination *9 not rest upon evidence which the unsuccessful party was incapable of impeaching or rebutting  is inapplicable.
Similarly distinguishable are cases such as Application of Plainfield-Union Water Co., supra, and Susquehanna, etc., Ass'n v. Bd. of Pub. Util Comm'rs, 55 N.J. Super. 377 (App. Div. 1959), where the administrative agency relied on internal agency staff reports or other undisclosed evidence dehors the record which the opposing party had no opportunity to test for trustworthiness or reliability. It is abundantly clear that those cases are inapplicable to the instant case, where there has been full disclosure and objectors have been afforded ample opportunity to be heard. There was accordingly no procedural infirmity warranting reversal on due process grounds.
Appellants' suggestion that the expert opinion of Heaslip should have been stricken is completely unmeritorious. It should be noted initially that appellants failed to object to his rendition of the expert opinion solicited by counsel for Howard. Although appellants' argument appears to question the admissibility of the expert opinion rendered by Heaslip, they refer in their brief only to matters elicited on cross-examination, which merely had the effect of impeaching Heaslip's credibility. The choice of accepting or rejecting testimony of witnesses rests with the administrative agency, and where such choice is reasonably made it is conclusive on appeal. Pilon v. Bd. of Alcoholic Beverage Control, etc. 112 N.J. Super. 436 (App. Div. 1970); In re Grossman, 127 N.J. Super. 13 (App. Div. 1974).
We are satisfied from our reading of the hearing officer's report and recommendation that he took into consideration the expert opinions of both parties' witnesses in arriving at his conclusions and considered in weighing the evidence some of the defects in Heaslip's testimony concerning which objectors now complain (e.g., that South Jersey differs to some degree from the witness' experience in North Jersey). Basically appellants' argument amounts to nothing more than a claim that Heaslip's testimony should *10 not have been believed, which of course is an utterly untenable contention. In matters such as the instant one it is not the function of an appellate tribunal to substitute its independent judgment for that of the administrative agency or officer where there may exist a mere difference of opinion concerning the evidential persuasiveness of relevant testimony. First S. & L. Ass'n of East Paterson v. Howell, 87 N.J. Super. 318 (App. Div. 1965); Application of Millburn-Short Hills Bank, 59 N.J. Super. 470 (App. Div. 1959).
Appellants' last argument is that Howard failed to demonstrate a reasonable promise of successful operation and that the hearing officer and Commissioner erred in accepting the trade area and deposit forecast of the applicant.
N.J.S.A. 17:9A-20 provides in part as follows:
Before any branch office shall be established * * * the bank or savings bank shall file written application in the department for the commissioner's approval thereof. If, after such investigation or hearings, or both, as the commissioner may determine to be advisable, he shall find
(1) that the bank or savings bank has complied with the requirements of section 19,
(2) that the interests of the public will be served to advantage by the establishment of such branch office, and
(3) that conditions in the locality in which the proposed branch office is to be established afford reasonable promise of successful operation, the commissioner shall, within ninety days after the filing of the application, approve such application.
Decisions of the Commissioner of Banking will be upheld where there is substantial evidence to support the factual findings rendered with respect to the aforementioned statutory criteria. It is only where it can be said that, upon the record, the decision is arbitrary, capricious or unreasonable that reversal is warranted. In re Application of Montclair Savings Bank, 114 N.J. Super. 196 (App. Div. 1971); In re Application of Berkeley S. & L. Ass'n, 115 N.J. Super. 302 (App. Div. 1971). The standard of *11 judicial review thus comports with that generally applied to administrative agency determinations. Parkview Village Ass'n v. Collingswood, 62 N.J. 21, 34 (1972).
Both the hearing officer and the Commissioner determined that Howard's application met each of the statutory requirements. The hearing officer's report and recommendation was both well reasoned and complete in all respects. It specifically considered the evidence submitted by both parties. Without setting forth the technical details, it is obvious that the report contains substantial evidence to support the determination both that the public interest would be served and that applicant's branch office had a reasonable promise of successful operation. Appellants' argument is clearly without merit.
It is well settled that where an administrative agency is concerned with technical matters courts will give due weight to its presumed expertise in reviewing its decisions. Shahmoon Industries, Inc. v. Dept. of Health, 93 N.J. Super. 272 (App. Div. 1966). The instant case is not one wherein objectors' contentions can be evaluated equally well by the judiciary, thus justifying abrogation of the "agency expertise" doctrine. Cooley's Anemia Blood & Research, etc. v. Legalized Games of Chance Control Comm'n, 78 N.J. Super. 128 (App. Div. 1963). This judicial deference to agency expertise appropriately applies to decisions of the Commissioner of Banking, particularly concerning decisions with respect to bank feasibility. See In re Application of Kenilworth State Bank, 49 N.J. 330 (1967), where it was stated:
The appellant does not question the Commissioner's finding that a new bank in Kenilworth is economically feasible and in the public interest. As expressed in its brief, it "does not seek review of the Commissioner's decision in this regard, because it is recognized that the factual determination as to economic feasibility of a proposed bank is a matter properly left to the expertise of the administrative agency." See Application of Howard Savings Institution of Newark, 32 N.J. 29, 54 (1960); Re Application of State Bank of Plainfield, 61 N.J. Super. 150, 158 (App. Div. 1960) [at 334].
*12 Similarly, the hearing officer and Commissioner applied their expertise in finding that there was a reasonable promise of successful operation and that the trade area and deposit forecast asserted by Howard were acceptable. Since these conclusions were grounded on an appropriate record we defer to said expertise.
For the foregoing reasons the decision of the Commissioner is
Affirmed.