**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1737-18T1

WILLIAM H. VINA,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION
AND ANNUITY FUND,

      Respondent-Respondent.

_____

Argued March 9, 2020 – Decided March 26, 2020

Before Judges Sabatino and Geiger.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury.

Jason Earl Sokolowski argued the cause for appellant (Zazzali Fagella Nowak Kleinbaum & Friedman, attorneys; Jason Earl Sokolowski, of counsel and on the briefs).

Robert E. Kelly, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Robert E. Kelly, on the brief).

PER CURIAM

Petitioner William H. Vina appeals from a November 1, 2018 final decision of respondent Board of Trustees (the Board) of the Teachers' Pension and Annuity Fund (TPAF), denying his application for accidental disability retirement benefits pursuant to N.J.S.A. 18A:66-39(c).

The parties have stipulated to the following facts. Vina was employed by Matawan-Aberdeen Regional School District as a high school teacher. Vina was injured in an incident on February 2, 2015. He filed an application for accidental disability retirement dated March 16, 2016.

On October 6, 2016, the Board considered and denied Vina's application for accidental disability retirement. The Board determined that Vina was totally and permanently disabled from the performance of his regular and assigned job duties. The Board found Vina was physically or mentally incapacitated from the performance of his usual or other duties that his employer was willing to offer. The Board also found that the event that caused Vina's reported disability was identifiable as to time and place, undersigned and unexpected, caused by circumstances external to Vina, and not as a result of a pre-existing disease. Additionally, the Board found that Vina's reported disability was not the result

of his willful negligence. However, the Board noted that the event did not occur during and as a result of Vina's regular or assigned duties. Consequently, the Board only granted Vina ordinary disability retirement benefits effective September 1, 2016.[1]

Vina appealed and the matter was transferred to the office of Administrative Law as a contested case. An Administrative Law Judge (ALJ) conducted a one-day trial. Vina was the only witness. Eight exhibits were admitted in evidence, including the stipulation of facts. The parties agreed that the only issue to be determined was whether Vina "was injured on a premise owned or controlled by the employer during and as a result of his regular or assigned duties as required by N.J.S.A. 43:15A-43."

Vina claimed he suffered disabling injuries when he slipped and fell on a snow-covered exterior walkway following a mandatory faculty meeting. The meeting took place after classes had been dismissed and after-school activities cancelled due to a snowstorm.

---

[1] A person retired on an ordinary disability pension receives significantly lower benefits than one retired on an accidental disability pension. Kasper v. Bd. of Trs., Teachers' Pension & Annuity Fund, 164 N.J. 564, 573-74 (2000) (citing N.J.S.A. 18A:66-41, -42).

The thirty-minute faculty meeting was held in the school's library. Vina testified that when the meeting ended, he stepped outside to use a slightly uphill walkway to go to the main office and the door locked behind him. When asked by the ALJ why he chose to walk outside, Vina stated: "I enjoy getting outside as much [as] I can, it's also, I've been taking that route for over eight years, and it's a shorter distance to get to the office [than] it is to go out the library down the hall . . . ." Vina testified that because the library has no windows, he did not know an inch of snow had fallen. After walking only forty to fifty feet he fell.

Vina testified he was on his way to the school's main office to sign out at the end of the day, pick up his mail, and drop off materials from his last class. As a result of his fall, Vina alleges he suffered serious injuries to the bicep, tricep and tendons of his right arm, a fractured right shoulder, three toe fractures, and a bone bruise to his right hip. He claims he is in constant pain and is unable to raise his right arm more than "half[-]way up."

Vina testified that his car, which was parked in an adjacent parking lot, "was closer than the main office." He walked to his car, "[t]o seek safety in [his] car first." When asked what he needed safety from, Vina replied: "It was very slippery outside and I was a little disheveled after I fell, saw my vehicle, and I said, 'You know what, I'm just going to get there so I can gather my thoughts.'"

A-1737-18T1

From inside his car, Vina called the main office and told secretary Nancy Zange that he "didn't sign out," and asked if she could "sign [him] out or tell the principal I fell?" Vina explained, "I'm not gonna come back in because, I'm just gonna get out of here, because I'm hurt." Vina drove away but did not seek medical treatment until the following day.

Vina did not call Zange as a witness. The record does not reflect the results of Vina's workers' compensation application. Nor does it include any accident reports prepared by Vina or other school employees.

A map of the school property that showed the interior layout of the building was admitted in evidence. Using the map, Vina indicated where he fell and where the walkway, main office, library, and parking lot were located.

Following submission of written closing arguments, the ALJ issued a July 25, 2018 written Initial Decision affirming the Board's determination that Vina was not eligible for accidental disability retirement benefits. After noting the procedural history, basic contentions, stipulated facts, and single issue presented, the ALJ made the following findings:

> In his application for accidental retirement benefits, Vina wrote that he fell leaving a faculty meeting; that he sustained injuries and that he can no longer perform his regular or assigned duties.

At the hearing, Vina provided greater detail. But, due to the limited issue, we only had testimony from the appellant. Simply put, his testimony was not credible in terms of his factual recitation of the case as well as the manner in which it was given. The delivery of his testimony confused and compounded his ability to prove the facts of the case by a preponderance of the evidence. Many of his answers included a long preamble before an actual response which muddied understanding the answer. Also, much of his testimony was highly exaggerated and was not only not credible, but also not realistic. His answers were "canned" and not genuine as well as not believable about the location of his fall. Instead of answering questions directly, he would answer them in a manner that served his purpose. It was obvious that he attempted to "sell" his version of the facts to the undersigned that he fell on the sidewalk.

The ALJ concluded that Vina "was not injured . . . during or as a result of the actual performance of his or her duties or in an activity preparatory but essential to that duty, whether or not the injury occurs before or after official work hours."

The ALJ noted "the traumatic event must have occurred during and as a result of the member's regular or assigned duties." The ALJ distinguished the facts in this case from those in Kasper; Pollara v. Board of Trustees, Police and Firemen's Retirement System, 183 N.J. Super. 505 (App. Div. 1982); and In re Carlson, 174 N.J. Super. 603 (App. Div. 1980). Unlike the petitioners in those cases, the ALJ found Vina was not credible.

6

Further, the ALJ stated that "[u]nlike [in] <u>Pollara</u>, Vina had finished the actual performance of his regular or assigned duties. I do not find his testimony that he was on his way back to the office to 'check out' as credible." Moreover, "unlike [in] <u>Kasper</u>, Vina was not engaged in an activity preparatory but essential to that duty. He was going home."

Vina filed exceptions to the Initial Decision. On November 1, 2018, the Board adopted the Initial Decision and affirmed the denial of accidental disability retirement benefits. This appeal followed.

Before this court, Vina argues: (1) the ALJ's findings were contrary to the evidence presented; (2) Vina's accident occurred during and as a result of regular or assigned work duties, thereby entitling him to accidental disability retirement benefits; and (3) the Board's adoption of the ALJ's decision that failed to determine the location of the traumatic event and mistakenly concluded that Vina was commuting home rather than performing his job duties, constituted reversible error.

We have considered these arguments in light of the record and applicable legal standards. We affirm.

Our review of a final decision of an administrative agency is limited. <u>Russo v. Bd. of Trs., Police & Firemen's Ret. Sys.</u>, 206 N.J. 14, 27 (2011) (citing

In re Herrmann, 192 N.J. 19, 27 (2007)). The agency's decision should be upheld "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006) (citations omitted).

"We recognize that agencies have 'expertise and superior knowledge . . . in their specialized fields.'" Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009) (alteration in original) (quoting In re License Issued to Zahl, 186 N.J. 341, 353 (2006)). We therefore accord deference to the "agency's interpretation of a statute" it is charged with enforcing. Thompson v. Bd. of Trs., Teachers' Pension & Annuity Fund, 449 N.J. Super. 478, 483 (App. Div. 2017) (quoting Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007)), aff'd o.b., 233 N.J. 232 (2018). "'Such deference has been specifically extended to state agencies that administer pension statutes,' because 'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of

expertise.'" Id. at 483-84 (quoting Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015)).

The factual "findings of an ALJ 'are considered binding on appeal, when supported by adequate, substantial and credible evidence.'" Oceanside Charter Sch. v. Dep't of Educ., 418 N.J. Super. 1, 9 (App. Div. 2011) (quoting In re Taylor, 158 N.J. 644, 656 (1999)). "The choice of accepting or rejecting testimony of witnesses rests with the administrative agency, and where such choice is reasonably made, it is conclusive on appeal." Ibid. (quoting In re Application of Howard Sav. Bank, 143 N.J. Super. 1, 9 (App. Div. 1976)). Deference is "especially appropriate when the evidence is largely testimonial and involves questions of credibility." In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)).

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting Herrmann, 192 N.J. at 28).

9

That said, when the facts are undisputed, whether an injury occurred "'during and [as] a result of her regular or assigned duties' is a legal question of statutory interpretation, which we review de novo." Bowser v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 165, 170-71 (App. Div. 2018). Conversely, when controlling facts are disputed, we afford deference to the Board's factual findings. Oceanside Charter Sch., 418 N.J. Super. at 9.

With those principles in mind, we consider whether the Board's decision was arbitrary, capricious, unreasonable, or unsupported by substantial credible evidence in the record.

A TPAF member may be retired on an accidental disability pension if the employee is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties." N.J.S.A. 18A:66-39(c); accord Kasper, 164 N.J. at 573.

Vina argues the ALJ erred: (1) by not specifically citing to portions of his testimony that were incredible; (2) by not acknowledging the parties' stipulation that Vina's fall occurred on school property; and (3) by misapplying Kasper, resulting in Vina's disqualification from accidental disability retirement benefits. We are unpersuaded by these arguments.

We first note that an ALJ's factual findings of lay-witness credibility generally receive deference. See N.J.S.A. 52:14B-10(c) ("The [Board] may not reject or modify any findings of fact as to issues of credibility of law witness testimony unless . . . the findings are arbitrary, capricious or unreasonable or are not supported by sufficient, competent, and credible evidence in the record."). In considering that evidence, "the reviewing court should give 'due regard to the opportunity of the one who heard the witnesses to judge of their credibility.'" Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). "[I]t is not for us or the agency head to disturb that credibility determination, made after due consideration of the witnesses' testimony and demeanor during the hearing." H.K. v. Dep't Human Servs., 184 N.J. 367, 384 (2005).

In this matter, the ALJ was not required to point to specific instances of Vina's testimony that he felt were incredible. Our deference to an ALJ's findings "extends to credibility determinations that are not explicitly enunciated if the record as a whole makes these findings clear." In re Snellbaker, 414 N.J. Super. 26, 36 (App. Div. 2010). Here, the lack of credible evidence presented by Vina supports the ALJ's findings.

A-1737-18T1

For instance, Vina explains that he was "the only witness to the accident, and therefore was the only witness who could provide firsthand knowledge of the slip and fall." However, Vina also asserts that his job requirements included signing out at the end of each day, picking up mail, and performing other administrative tasks—all in the school's main office. He also avers the faculty meeting was mandatory and that he customarily took the outside walkway rather than interior hallways to the main office.

To qualify for accidental disability benefits, it was Vina's burden to show by a preponderance of the evidence that his injuries were a "result of the performance of his regular or assigned duties." N.J.S.A. 18A:66-39(c). At the hearing, Vina did not offer an corroborating evidence in support of his assertions that: (1) he customarily took the exterior pathway from the library to the main office; (2) he called Zanga after the fall; and that (3) Zanga relayed his message to the school principal. Considering Vina's lack of credibility together with the absence of corroborating evidence, the ALJ determined that Vina failed to demonstrate he was injured during the course of "his regular or assigned duties." N.J.S.A. 18A:66-39(c).

Lastly, Vina points to the stipulation that his fall occurred on school property, as proof that the ALJ erred in his determination. While the parties

12

stipulated the fall occurred on school property, they did not stipulate the exact location where the fall occurred. Moreover, the ALJ clarified that "the only issue to be determined by this court is whether or not the traumatic event occurred during and as a result of Vina's regular or assigned duties." We concur that this is the dispositive issue; not the fact that the fall occurred on school grounds.

In Kasper, the employee had "parked her car, crossed the street to the school, and was negotiating the stairs" of the school when the incident occurred. 164 N.J. at 588. The Court made clear that to qualify for accidental disability retirement benefits, "an employee cannot be 'coming or going' to work, but must be engaged in his or her employment duties." Id. at 581.

Rather, the employee "must be engaged in his or her employment duties on property owned or controlled by the employer." Ibid. Therefore, "in order to qualify for accidental disability benefits, employees must satisfy the statutory criteria that they were on the work premises and performing a function causally connected to their work." Mattia v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 217, 223 (App. Div. 2018) (citing Kasper, 164 N.J. at 588). A teacher who is required to stay late for a faculty meeting "qualifies for an

accidental disability pension if [he] receives a disabling traumatic injury while performing [that] duty." Kasper, 164 N.J. at 586.

Vina did not meet this requirement merely by falling on school grounds. He presented insufficient evidence to prove he was still performing "his regular or assigned duties" when he fell. N.J.S.A. 18A:66-39(c); see also Mattia, 455 N.J. Super. at 223 (noting that a petitioner for accidental disability benefits must meet the two-fold requirement of being "on the work premises and performing a function causally connected to their work").

Vina fell outside the school building after classes and the after-school faculty meeting had ended. After falling, he walked to his car and drove away. The ALJ discredited Vina's testimony that he was headed to the main office to sign out and retrieve his mail. The ALJ concluded that Vina did not prove he was performing a job duty or was engaged in an activity preparatory but essential to that duty when he fell. On the contrary, the ALJ found "Vina had finished the actual performance of his regular or assigned duties" and "was going home." Injuries suffered during commuting do not qualify for accidental disability retirement benefits. Kasper, 164 N.J. at 581; Mattia, 455 N.J. Super. at 223.

We conclude from our review of the record that the ALJ's findings, which the Board adopted, are supported by the record. The Board's decision was not

14

arbitrary, capricious, or unreasonable. Accordingly, we discern no basis to overturn the Board's determination that Vina was ineligible for accidental disability retirement benefits. See In re Young, 202 N.J. 50, 71 (2010) (upholding an agency decision where "there was substantial credible evidence in the record as a whole to support the agency's findings").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1737-18T1