**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2329-22

SERENA SWAGGERTY,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Submitted May 13, 2024 – Decided July 5, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx2002.

Serena Swaggerty, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Brandon Bowers, Deputy Attorney General, on the brief).

PER CURIAM

Serena Swaggerty appeals from a February 16, 2023 final agency decision by the Board of Trustees, Public Employees' Retirement System (the Board), which denied her application for ordinary disability retirement benefits. Swaggerty argues that the Board erred because she was totally and permanently disabled from performing her job duties. In making its decision, the Board relied on a medical expert who examined Swaggerty and opined that she could continue to perform her duties as a clerk. Accordingly, the Board's decision is supported by substantial, credible evidence, and we affirm.

I.

Swaggerty was employed by Atlantic County (the County), and between 2013 and 2017, she held two different positions. In 2013, Swaggerty was employed as a food service worker. Her duties in that position included preparing food, serving food, and cleaning the food service facilities. In March 2013, Swaggerty was injured while at work when an elevator malfunctioned and closed on her left shoulder. Following the accident, Swaggerty was placed on light duty. Over the next two years, Swaggerty underwent several surgeries on her left shoulder.

In April 2015, Swaggerty transferred to the position of Clerk 1 in the County's Supplemental Nutrition Assistance Program Department. In that

position, Swaggerty was responsible for answering phones, filing papers, faxing documents, making copies, inputting data on computers, assisting caseworkers, and occasionally picking up mail. On September 29, 2015, Swaggerty reported that she aggravated her shoulder injury while typing on a computer. In October 2015, and in March 2016, Swaggerty visited two orthopedic surgeons, both of whom examined her and concluded that her shoulder pain related back to the 2013 injury.

In February 2017, Swaggerty left her employment as a clerk with the County and thereafter did not return to work for the County. Two years later, in March 2019, Swaggerty applied for accidental disability retirement benefits. In her application, she identified her accidents in March 2013 and September 2015 as the traumatic causes of her disability.

The Board denied Swaggerty's application for accidental disability retirement benefits in June 2020. The Board determined that Swaggerty was not totally and permanently disabled from performing her regular or assigned duties as a clerk.

Swaggerty administratively appealed that determination, and the matter was transferred to the Office of Administrative Law for a hearing as a contested case. An Administrative Law Judge (ALJ) conducted a two-day hearing on July

20, 2022, and August 16, 2022. On the first day of the hearing, Swaggerty's counsel informed the ALJ that Swaggerty was no longer pursuing an application for accidental disability retirement benefits; rather, she was seeking ordinary disability retirement benefits. Consequently, the only issue before the ALJ was whether Swaggerty was totally and permanently disabled from the performance of her duties as a clerk.

Three witnesses testified at the hearing: Swaggerty; Dr. David Weiss, an orthopedic surgeon called by Swaggerty as an expert; and Dr. Arnold T. Berman, an orthopedic surgeon called by the Board as an expert.

Swaggerty testified that she had applied for disability retirement benefits because she was unable to reach for and pull files, lift boxes of mail, hold the phone to her ear with her left arm or hand, or type on the computer. On cross-examination, Swaggerty admitted that she never asked for accommodations to perform work that would not aggravate her shoulder. She also acknowledged that after February 2017, she worked in two different positions for other employers. In that regard, she testified that she had worked as a part-time cashier for Tropicana and as a part-time employee with Preferred Care.

Weiss was qualified as an expert in the field of orthopedics. He explained that he had reviewed Swaggerty's medical history and performed an examination

A-2329-22

of her left shoulder. Weiss opined that Swaggerty was totally and permanently disabled from the performance of her duties as a clerk and as a food service worker.

Berman was also qualified as an expert in the field of orthopedics, and he testified he had reviewed Swaggerty's medical records and performed an independent medical examination of Swaggerty. He opined that Swaggerty's surgeries had been successful and, although she had a reduced range of motion in her shoulder, he opined that she could continue to perform her duties as a clerk.

On January 3, 2023, the ALJ issued an initial decision affirming the Board's denial of Swaggerty's application for ordinary disability retirement benefits. The ALJ found that Berman was "more persuasive in his conclusion that Swaggerty was not totally and permanently disabled from the performance of her job duties" as a clerk. The ALJ also found that Weiss' reasoning and conclusions were not as persuasive as Berman's reasoning and conclusions. Based on Berman's testimony, the ALJ found that Swaggerty had failed to prove that she was totally and permanently disabled from performing her duties as a clerk. Accordingly, the ALJ affirmed the denial of disability retirement benefits.

A-2329-22

At a meeting on February 15, 2023, the Board adopted the ALJ's decision. The following day, the Board issued a final agency decision denying Swaggerty's application for ordinary disability retirement benefits. Swaggerty now appeals from the Board's final decision.

II.

An appellate court's review of an administrative agency determination is limited. Carter v. Township of Bordentown (In re Carter), 191 N.J. 474, 482 (2007); McKnight v. Bd. of Rev., Dep't of Lab., 476 N.J. Super. 154, 162 (App. Div. 2023). We will sustain a Board's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." McKnight, 476 N.J. Super. at 162 (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Under this standard, our scope of review is guided by three major inquiries: (1) whether the agency's decision conforms with relevant law; (2) whether the agency's decision is supported by substantial, credible evidence in the record; and (3) whether in applying the law to the facts, the administrative agency "clearly erred in reaching" its conclusion. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). The party challenging the administrative action bears

6

the burden of showing that the agency's decision did not meet that standard. Lavezzi v. State, 219 N.J. 163, 171 (2014).

III.

Swaggerty is representing herself on this appeal. She argues that the Board erred in denying her application for accidental disability retirement benefits. In that regard, she relies on the testimony and opinion of Weiss and contends that she did prove that she was totally and permanently disabled from performing her duties as a clerk.

Initially, we will address Swaggerty's argument concerning the denial of her application for accidental disability retirement benefits. We reject that argument for two reasons. First, Swaggerty abandoned her claim for accidental disability retirement benefits before the ALJ. Swaggerty made that decision with the assistance of counsel. Appellate courts will normally not address issues that were not preserved before an agency. See State v. Robinson, 200 N.J. 1, 20 (2009) (explaining that "[i]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court . . . unless the questions . . . go to the jurisdiction of the trial court or concern matters of great public interest" (alteration in original) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))); ZRB, LLC v. N.J. Dep't of

Env't Prot., 403 N.J. Super. 531, 536 n.1 (App. Div. 2008) (applying the principle in Robinson and Nieder to appeals from administrative agency orders).

Second, Swaggerty did not present evidence that would support a claim for accidental disability retirement benefits. To claim accidental disability benefits, a member of the Public Employees' Retirement System (PERS) must prove that he or she "is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his [or her] regular or assigned duties." N.J.S.A. 43:15A-43(a); see also Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 212-13 (2007) (setting forth a five-prong test that a member must satisfy to qualify for accidental disability retirement benefits). Swaggerty did not present evidence before the ALJ to support a claim that she was disabled because of a traumatic event. Moreover, on this appeal, she has not even addressed the factors she needed to prove.

We, therefore, turn to an analysis of her claim for ordinary disability retirement benefits. To qualify for ordinary disability retirement benefits, a PERS member must demonstrate that he or she "is physically or mentally incapacitated for the performance of duty and should be retired." N.J.S.A. 43:15A-42. So, the member must show that he or she has a disabling condition

that is total and permanent, and that the member is unable to perform his or her regular or assigned duties due to the permanently disabling condition. See Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 42-43 (2008); Bueno v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 404 N.J. Super. 119, 124 (App. Div. 2008); N.J.A.C. 17:2-6.1(g)(3). Moreover, the member must provide expert evidence to support the claim of permanent disability. Bueno, 404 N.J. Super. at 126; see also Patterson, 194 N.J. at 50-51.

The Board, in adopting the ALJ's decision, agreed with the ALJ's credibility determinations. Thus, the Board rejected the testimony of Weiss and accepted the testimony of Berman. Berman testified that Swaggerty was not totally and permanently disabled from performing her duties as a clerk. As the triers of fact, the ALJ and Board were entitled to determine the experts' credibility and the weight to be accorded to the experts' testimony. See Griepenburg v. Township of Ocean, 220 N.J. 239, 254 (2015) (explaining that in an appeal from a non-jury trial, appellate courts "give deference to the [factfinder who] heard the witnesses, sifted the competing evidence, and made reasoned conclusions"); see also State v. Hubbard, 222 N.J. 249, 263-64 (2015).

The Board could also accept the testimony of one expert and reject the testimony of another expert. See Oceanside Charter Sch. v. N.J. State Dep't of

Educ., 418 N.J. Super. 1, 9 (App. Div. 2011) (citing In re Howard Sav. Bank, 143 N.J. Super. 1, 9 (App. Div. 1976)). Berman testified to a reasonable degree of medical certainty that Swaggerty was not totally and permanently disabled from performing her duties as a clerk. He based his opinion on an independent medical examination of Swaggerty, as well as a review of Swaggerty's medical history and a review of the Clerk 1 job description. In short, there was substantial, credible evidence to support the Board's denial of Swaggerty's application for ordinary disability retirement benefits. Moreover, we discern nothing arbitrary, capricious, or unreasonable in the Board's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION